IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL D. SMOKOWICZ | : | CIVIL ACTION |
| | : | NO. 16-5891 |
| v. | : | |
| | : | |
| GRAPHIC PACKAGING | : | |
| INTERNATIONAL, INC. et al. | : | |

O'NEILL, J.                                                                                                                                                           February 27, 2017

**<u>MEMORANDUM</u>**

Plaintiff, former employee Michael D. Smokowicz, brings a hybrid claim for breach of a Collective Bargaining Agreement and violation of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et seq., against his former employer, defendant Graphic Packaging International, Inc., (Count I), and defendant AFL-CIO, CLC Local Union # 807[1] (Count II), for failure to allow plaintiff to grieve his May 11, 2016 termination.  He also brings a separate claim against Graphic Packaging for breach of his Last Chance Agreement (Count III).

Graphic Packaging filed a motion to dismiss Counts I and III against it, Dkt. No. 10, plaintiff responded, Dkt. No. 16, and Graphic Packaging replied, Dkt. No. 17.  Defendant Union also filed a motion to dismiss the claim against it (Count II), Dkt. No. 15, to which plaintiff did not file a separate response.  Under Local Rule 7.1(c), I am empowered to grant the Union's motion as uncontested.[2]  However, because plaintiff's response to Graphic Packaging's motion

---

[1]     The party's full name is United Steel, Paper, Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Services Workers International Union (USO) AFL-CIO, CLC Local Union # 807.

[2]     More than fourteen days have elapsed since defendant Union filed its motion and served it upon plaintiff's counsel.  <u>See</u> Dkt. No. 15 (served February 2, 2017).  Under Local Rule 7.1(c),

> any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.  In the absence of timely response, the

addresses the legal issues discussed in the Union's brief, I will consider the merits of both motions.

After considering the parties' arguments, I will grant defendants' motions and dismiss the complaint. With respect to plaintiff's hybrid claims in Counts I and II, he has not pleaded sufficient facts showing that the Union breached its duty of fair representation as required to state a claim against either defendant. With respect to Count III, he has not stated a claim for breach of the Last Chance Agreement because he has not alleged facts showing that the agreement, on its own, gives him a right to continued employment.

## **BACKGROUND**

On May 11, 2016, Graphic Packaging fired plaintiff "on the ostensible basis that he erred in shipping a pallet of Hershey Reese PB King Size packages" that were mislabeled "with SAP batch tags identifying it as a 8oz Kraft Cream Cheese." Compl. ¶ 9. Plaintiff petitioned the Union to protect his rights under the collective bargaining agreement (CBA), but the Union refused to do so, advising him that he did not have the right to grieve Graphic Packaging's action under the terms of a "Last Chance Agreement" plaintiff had entered into in March 2013. Compl. ¶¶ 11, 18.

The Last Chance Agreement arose from an incident in which Graphic Packaging fired plaintiff for throwing a coating dolly at a co-worker. Compl. Ex. B. Plaintiff subsequently entered into the Last Chance Agreement with the Union and Graphic Packaging pursuant to which he returned to his job under certain conditions, including no back pay, loss of seniority and completion of a mandated counseling program. Compl. Ex. B. The Last Chance Agreement

---

motion may be granted as uncontested except as provided under
Fed. R. Civ. P. 56 [governing summary judgment motions].

also provided that plaintiff "will be terminated for his first failure to meet the any of terms [sic] or conditions outlined below" and that "[t]his agreement and any subsequent termination resulting from it will be non-grievable." Id.  Finally, the agreement stated:

> Upon reinstatement, and <u>for the remainder of his employment at the Valley Forge Plant</u>, Mr. Smokowicz must perform all aspects of his job satisfactorily and meet all established standards of conduct.  Unsatisfactory job performance includes but is not limited to non-compliance with company plant rules, policies or procedures, lack of productivity, unsafe acts, insubordination, negligent reckless behavior, misconduct, etc.
>
> This Last Chance Agreement, establishing terms and conditions to reinstate and continue Mr. Smokowicz's employment, will not be viewed now, or in the future, as having compromised the Valley Forge plant rules in any way, or any other policy or procedure. This Last Chance Agreement is non-precedent setting, will not be referenced in future discussion between the Parties, and is non-grievable.

Compl. Ex. B (emphasis in original).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  A well-pleaded complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 556.  However, a complaint must provide "enough fact[s] to raise a reasonable expectation that discovery will reveal

evidence of" the necessary element.  Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.

## DISCUSSION

**I.    Counts I and II:  Breach of Collective Bargaining Agreement and § 301**

Plaintiff has not alleged facts showing that the Union's actions were arbitrary, discriminatory or in bad faith, as he must in order to state a hybrid § 301/fair representation claim against either Graphic Packaging or the Union.  In a hybrid § 301/fair representation claim, a plaintiff suing either his employer or his union "must not only show that [his] discharge was contrary to the [CBA] but must also" demonstrate "breach of duty by the Union." DelCostello v. Teamsters, 462 U.S. 151, 164–65 (1983).  This is so even for a claim against the employer alone. Id.  It furthers the policy that, "[s]ubject to very limited judicial review, [a plaintiff] will be bound by the result [of the grievance process] according to the finality provisions of the [collective bargaining] agreement." Id. at 164.  Thus even if, as plaintiff argues, the terms of the Last Chance Agreement do not eliminate his right under the CBA to have an arbitrator determine

4

whether he performed his job unsatisfactorily, see United Steelworkers of America, AFL-CIO v. Lukens Steel Co., 969 F.2d 1468 (3d Cir. 1992), plaintiff must still allege facts showing breach of duty by the Union.

Because the grievance proceeding in which a union represents an employee can be binding, a union has a duty to "serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990). A union breaches its duty of fair representation if its actions are "arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967); DelCostello, 462 U.S. at 164. "A union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational." Air Line Pilots Ass'n v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotation marks omitted). A union's actions are in bad faith where "the union and its representatives harbored animosity towards the employee; and . . . that animosity manifested itself as a material factor in the union's handling of the employee's grievance." Sterrett v. Giant Eagle, Inc., No. 14-235, 2015 U.S. Dist. LEXIS 23304, *21–23 (W.D. Pa. Jan. 22, 2015).

A union's decision not to pursue a grievance it believes in good faith to be nonmeritorious is not a breach of its duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 192 (1967) ("[A] union does not breach its duty of fair representation, and thereby open up a suit by the employee for breach of contract, merely because it settled the grievance short of arbitration.").

> Rather, a union is obligated to exercise its power as bargaining agent fairly under the collective bargaining agreement and must not assert or press grievances that it believes in good faith do not warrant such action. . . . Accordingly, an employee is subject to

5

> the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily, even if the employee's claim was meritorious. . . .  Thus, proof that a union acted negligently or exercised poor judgment is not enough to support a claim that a union breached its duty of fair representation.

Abramowich v. CSX Transp., Inc., 975 F. Supp. 2d 513, 522 (W.D. Pa. 2013), citing Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970).

Plaintiff has not alleged facts showing that the Union's decision to abandon his grievance was based on anything other than its legal conclusion that the Last Chance Agreement precluded his claim.  Rather, his allegations with respect to the Union's motive are "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 556 U.S. at 678.  He alleges the Union refused to protect his rights under the CBA "in bad faith and in an arbitrary manner."  Compl. ¶ 11.  He further alleges the "Union breached its duty of fair representation to plaintiff by failing to pursue a grievance on plaintiff's behalf, and further, by advising him that he did not have the right to grieve the Employer's action under the terms of the Last Chance Agreement."  Compl. ¶ 18.  Plaintiff's allegations do not show, by setting out facts that go beyond conclusory statements, that the Union's decision was arbitrary, discriminatory or in bad faith.  As this is required for plaintiff's § 301/fair representation claims against both the Union and Graphic Packaging, his employer, I will dismiss both claims with leave to amend to the extent plaintiff can allege facts that are sufficient to state a claim.

**II.     Count III: Breach of the Last Chance Agreement**

Plaintiff also has not stated a claim for breach of contract against Graphic Packaging under the Last Chance Agreement.  He alleges the Last Chance Agreement "is an employment contract separate and independent of the Collective Bargaining Agreement . . . ."  Compl. ¶ 21.  In his brief, he argues that "[u]nder the terms of the Last Chance Agreement, Employer was

6

empowered to discharge him only under certain conditions, i.e. unsatisfactory job performance." Pl.'s Br. at 7.  Plaintiff does not state a claim for breach of contract because neither the alleged terms of the Last Chance Agreement nor the alleged circumstances surrounding the agreement's creation suggest that the agreement imposed a duty on Graphic Packaging to continue to employ him.

To state a claim for breach of contract, a plaintiff must aver facts showing the existence of a contract, a breach of a duty imposed by the contract and resultant damages.  Jenkins v. Cnty. of Schuylkill, 658 A.2d 380, 383 (Pa. Super. Ct. 1995).  Under Pennsylvania law, there is a presumption that a company does not have a duty to continue to employ a worker.  Greene v. Oliver Realty, Inc., 363 Pa. Super. 534, 553 (Pa. Super. Ct. 1987) ("[A]n employment contract is presumptively terminable at will.").  This "at-will presumption" is only overcome where "the parties intended to contract for a definite period."  Id. at 551.  The "intention of the parties . . . is the ultimate guide."  Id. at 552.  "[I]n order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject matter of the agreement."  Id. at 552, quoting Price v. Confair, 79 A.2d 224, 226 (Pa. 1951).

Where a plaintiff does not allege facts raising a reasonable expectation that discovery will reveal evidence that the defendant breached a duty in the contract, the claim should be dismissed. See Twombly, 555 U.S. at 556; see also Natale v. Winthrop Res. Corp., No. 7-4648, 2008 U.S. Dist. LEXIS 54358, *16 (E.D. Pa. July 9, 2008) (dismissing a claim for breach of an employment contract where "neither the Complaint nor Plaintiff's Opposition to Defendant's Motion to Dismiss suggest that Plaintiff was orally offered a definite term of employment or that the parties verbally agreed that he would not be an at-will employee"); Smith-Cook v.

AMTRAK, No. 5-880, 2005 U.S. Dist. LEXIS 27297, *37-38 (E.D. Pa. Nov. 10, 2005) ("A plaintiff's bare allegation that her employment relationship is contractual in her response to defendants' motion to dismiss is insufficient to rebut the presumption of at-will employment.").

Considering the Last Chance Agreement as an employment contract separate and independent of the CBA, as plaintiff argues it should be, neither the terms of the Last Chance Agreement nor the other allegations in the complaint are sufficient to suggest that the parties to the Agreement intended to contract for a definite period. The Agreement states that Graphic Packaging "will, under the following conditions, reinstate" plaintiff, and that plaintiff "will be returned to work with no back pay." Compl., Ex. B. There is no language in the Last Chance Agreement that demonstrates that this "reinstatement" or "return[] to work" had an end date. Moreover, none of the allegations about the surrounding circumstances, the situation of the parties or the nature of the subject matter of the Last Chance Agreement suggest that the parties intended to contract for a definite period. Thus the allegations in the complaint do not show that the Last Chance Agreement, interpreted on its own, provides anything more than at-will employment.

The Last Chance Agreement's numerous specified grounds for plaintiff's dismissal do not show that the parties intended to overcome the at-will presumption for two reasons. First, these conditions do not suggest the parties intended plaintiff's employment for a definite period, as required under Pennsylvania law to overcome the at-will presumption. Second, the circumstances plaintiff alleges surrounded the creation of the Last Chance Agreement show only that its conditions were meant to limit plaintiff's rights under the CBA, not to give plaintiff more rights than he had under the CBA. See Compl. ¶ 8 (explaining that plaintiff, the Union, and Graphic Packaging entered the agreement "following an incident at the Valley Forge plant); Ex.

8

B (describing the incident).  Plaintiff alleges no facts showing that the Last Chance Agreement precludes Graphic Packaging from firing plaintiff for other reasons not listed therein—the allegations show merely that the company would have to abide by the CBA if it did so.

Thus, accepting as true plaintiff's allegation that Graphic Packaging fired him because he mislabeled a shipping package with the wrong batch tag, Compl. ¶ 9, and was motivated by its aim of replacing him "with less expensive labor who would not be entitled to the salary and benefits" plaintiff received, Compl. ¶ 23, and even accepting as true plaintiff's conclusory allegation that the mislabeling did not fall into one of the Agreement's triggering conditions, Compl. ¶ 25, and thus that Graphic Packaging fired him "without just cause," Compl. ¶ 10, plaintiff has not stated a claim for breach of the Last Chance Agreement.  Rather, his allegations only show that, to the extent Graphic Packaging owed him a duty not to fire him without just cause, such duty was imposed under the CBA.  See Compl. Ex. B (CBA) at 18 (explaining that Graphic Packaging reserved the right to discharge employees "because of lack of work" or for other reasons that are "justifiable").  Plaintiff does not state a claim for breach of the Last Chance Agreement because his complaint does not show that the Last Chance Agreement, on its own, gives plaintiff an independent right to more than at-will employment. [3]

---

[3] Other courts to consider a claim for breach of a Last Chance Agreement have analyzed whether the agreement was a product of collective bargaining and so preempted by § 301 of the Labor Management Relations Act.  As the Supreme Court explained, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220–221 (1985) (citations omitted) (analyzing a state-law tort action for bad-faith delay in making disability benefit payments due under a CBA).  The plaintiff in Allis-Chalmers Corp. asserted rights "rooted in contract" and noted that "the bad-faith claim [the plaintiff] brings could have been pleaded as a contract claim under § 301."  Id.  Thus, the "complaint should have been dismissed for failure to make use of the grievance procedure established in the collective-bargaining agreement . . . or dismissed as pre-empted by § 301."  Id.  Applying this reasoning to a Last Chance Agreement, the District of Massachusetts explained that such agreements are "part

Additionally, plaintiff's allegation that Graphic Packaging breach the covenant of good faith and fair dealing does not keep his breach of contract claim alive. Compl. ¶ 24. "The duty of 'good faith' has been defined as '[h]onesty in fact in the conduct or transaction concerned.'" Somers v. Somers, 613 A.2d 1211, 1213 (Pa. Super. Ct. 1992), citing 13 Pa. Cons. Stat. § 1201. Examples of a breach of this duty include "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." Id., citing Restatement (Second) of Contracts, § 205(d). Although "a covenant of good faith and fair dealing is implied in every contract," Pennsylvania law does not recognize a breach of this

---

and parcel of collective bargaining agreements." Connolly v. Boston Edison Co., No. 11849-PBS, 2001 U.S. Dist. LEXIS 26414, *13–14 (D. Mass. Jan. 5, 2001) (analyzing a breach of contract claim on summary judgment). The Connolly court held that § 301 "preempts claims of breach of disciplinary agreements since they are part of the CBA and involve claims [that] are 'founded directly on rights created by collective bargaining agreements.'" Id. at *14, quoting Cotter v. DaimlerChrysler Corp., 87 F. Supp. 2d 746, 752 (E.D. Mich. 2000).

In addition to the District of Massachusetts, other courts have interpreted Allis-Chalmers to require that a claim for breach of a last chance agreement be brought as a § 301/fair representation claim. See Int'l Union of Operating Eng'rs Local 351 v. Cooper Natural Res., Inc., 163 F.3d 916, 919–20 (5th Cir. 1999), cert. denied, 528 U.S. 812 (1999) (holding that the last chance agreement "formed a binding contract pursuant to the CBA" and must be treated as a supplement to the CBA); Thomas v. LTV Corp., 39 F.3d 611, 616–18 (5th Cir. 1994) (analyzing a probation agreement similar to the Last Chance Agreement here and holding that it qualified as a CBA itself and so was preempted by § 301); Bakers Union Factory No. 326 v. ITT Cont'l Baking Co., 749 F.2d 350, 354–55 (6th Cir. 1984) (interpreting agreements reached as part of disciplinary process as formal contractual settlements of labor disputes that should be construed as part of the CBA); Cotter, 87 F. Supp. 2d at 757 ("The Conditional Release Agreement must be treated in the same manner as the collective bargaining agreement since it is a negotiated agreement that supplements the CBA.").

Although these cases addressed motions for summary judgment, they are relevant here because a claim that is preempted should be dismissed under Rule 12(b)(6). Farina v. Nokia, Inc., 625 F.3d 97, 115–134 (3d Cir. 2010) (affirming the district court's dismissal of a complaint on preemption grounds). However, as defendants have not raised preemption in their briefs, I will not rely on that law here.

covenant as an independent claim.  Temple Univ. Hosp., Inc. v. Group Health, Inc., No. 05-102, 2006 U.S. Dist. LEXIS 1548, *16 (E.D. Pa. Jan. 12, 2006).

      Plaintiff does not allege any facts supporting his claim for a breach of the duty of good faith and fair dealing apart from the facts discussed above, which do not suggest bad faith. Neither does he offer any legal support for his claim under the duty of good faith and fair dealing.  Thus, his breach of contract claim does not survive on the basis of this allegation.

      Therefore, I will dismiss Count III with leave to amend to the extent plaintiff can allege facts sufficient to state a claim.

      An appropriate Order follows.